IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BARBARA HARLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-cv-1113-J-34JRK |
| | ) |
| ADO STAFFING, INC. *dba:* | ) |
| ADECCO, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO SEAL PLAINTIFF'S COMPLAINTS OR, ALTERNATIVELY, TO STRIKE AND SEAL SPECIFIC ALLEGATIONS AND SUPPORTING MEMORANDUM OF LAW**

### I.    MOTION

Pursuant to Rule 26(c), Fed. R. Civ. P., Rule 51, Fed. R. Evid., the federal common law attorney-client communications privilege and work product doctrine, and Local Rule 1.09, Defendant ADO Staffing, Inc. *d/b/a* Adecco ("Adecco") moves for an order sealing the Complaint and Demand for Jury Trial, the Amended Complaint and Demand for Jury Trial, and the Second Amended Complaint and Demand for Jury Trial, or alternatively, striking and sealing the paragraphs of each complaint as addressed below.  For grounds, Adecco states:

1.    Plaintiff has filed the Complaint and Demand for Jury Trial (dkt. #1), the Amended Complaint and Demand for Jury Trial (dkt. #5), and the Second Amended Complaint and Demand for Jury Trial (dkt. #8) (all three, collectively "Complaints").

2.    The Complaints contain: (a) allegations of communications concerning internal legal matters between an Adecco in-house counsel, Lori Cordell ("Cordell"), and Plaintiff in her role as a Human Resources Director charged with handling internal employee complaints

1

implicating various employment-related laws and internal legal matters; (b) confidential internal employee complaints and the resulting human resource department investigations under the guidance of in-house legal counsel; (c) allegations concerning compliance with federal employment laws where Plaintiff makes blanket accusations, based on, *inter alia*, internal alleged attorney-client privileged communications and alleged internal confidential legal analyses, and her own opinion as a human resources director, of non-compliance with certain statutes; (d) allegations that reflect protected in-house counsel's alleged mental impressions and opinions about legal matters; and (e) allegations involving alleged matters in anticipation of litigation.

3. While Adecco refrains from addressing the veracity of the allegations to preserve its privileges, the confidential and privileged nature of the alleged communications and information pled in the Complaints can be derived from the very face of those allegations, whether true or false.

4. Because the allegations pervade the Complaints, Adecco's internal confidential legal matters and privileges cannot be adequately protected from public disclosure absent sealing of the Complaints in their entirety.

5. Alternatively, the following paragraphs in each of the Complaints should be stricken and sealed:

    a. Second Amended Complaint: 1, 11-21, 23-31, 37, 44-45, 47-48.

    b. Amended Complaint: 1, 11-23, 25-30, 32-33, 39, 46-47, 49.

    c. Complaint: 1, 11-23, 25-30, 32-33, 39, 46-47, 49.

6. Pursuant to Local Rule 1.09, the requested duration of the sealing is permanent.

7. There are no alternative means that would enable Adecco to exercise its legal rights to protect the confidential matters and privileged investigations, communications, and alleged corporate legal strategies and analyses as the only protection that affords Adecco its ability to exercise its legal privileges is permanent sealing.

8. Plaintiff was privy to these alleged matters through her role in human resources, in which she had a fiduciary and contractual duty to maintain the confidentiality of these matters.

9. Adecco never waived its privileges and neither Plaintiff nor her counsel were authorized to disclose - much less in a court filing available to the public - the contents of Adecco's privileged communications and other confidential matters described above in paragraph 2.

## LOCAL RULE 3.01 STATEMENT

10. Adecco's counsel contacted Plaintiff's counsel regarding the requested relief in this Motion. Plaintiff's counsel advised that Plaintiff opposes the sealing of the Complaints in their entirety. As to the sealing of individual paragraphs, counsel advised that Plaintiff takes no position until such time as counsel is able to review each of the identified paragraphs in each of the Complaints.

WHEREFORE, Adecco respectfully requests an order granting this Motion.

## II. MEMORANDUM OF LAW

Generally, common law, statutory law, and the United States Constitution support the proposition that court records shall be open and available to the public. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right is not absolute. *Brown v. Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983); *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 101 F.R.D. 34, 38 (C.D. Cal. 1984).

This Court has broad discretionary power in its determination as to which documents may be sealed, and the standard of review thereof is abuse of discretion. *Nixon,* 435 U.S. at 598; *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430-434 (5th Cir. 1981).

Rule 26(c) of the Federal Rules of Civil Procedure provides that this Court may seal documents or portions thereof for "good cause." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F. Supp. 2d 1353, 1365 (N.D. Ga. 2002) (citing *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001)). Additionally, Rule 5.2 of the Federal Rules of Civil Procedure provides that this Court may require redaction of information or limit a non-party's remote electronic access to any document for good cause that has been filed with the Court. To determine whether "good cause" has been shown, this Court must: (1) determine whether valid grounds for the issuance of the protective order have been proffered; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Id.*

The attorney-client privilege is one of the oldest of the privileges for confidential information in the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). The privilege is necessary for the advocate to ascertain all that the client knows in order to see that the client's mission is properly carried out. *Trammel v. U.S.,* 445 U.S. 40, 51 (1980). Courts have long held that the privilege applies even when a party to the communication is an entity such as a corporation. *See U.S. v. Louisville & Nashville R. Co.*, 236 U.S. 318, 336 (1915). Communications made by employees to in-house counsel in order to determine compliance with the law that are within the scope of the employee's corporate duties are protected by the attorney-client privilege. *See Upjohn v. U.S.*, 449 U.S. 383, 394 (1981); *Lockheed Martin Corp.*

*v. L-3 Commc'ns Corp.*, No. 6:05-cv-1580-Orl-31KRS, 2007 WL 2209250, at *4 (M.D. Fla. July 29, 2007).[1]

As Director-HR Business Partner, and as evidenced by the allegations in her Complaints, Plaintiff's alleged communications with Adecco in-house counsel were directly related to the investigations she purportedly performed. Adecco did not authorize Plaintiff or her counsel to disclose - much less disclose in a court filing available to the public - the contents of Adecco's privileged communications to which Plaintiff was privy due to her position while employed at Adecco. Plaintiff breached her obligation to Adecco by disclosing the content of the alleged attorney-client communications and other matters described in paragraph 2 of the Motion.

The issues in this matter are similar to the public filing of privileged matters in *Shattles v. Bioprogress PLC*, No. Civil Action No. 1:05-CV-3179-MHS, 2006 BL 94175 (N.D. Ga. July 14, 2006), where pursuant to a party's motion to strike, the district court struck a privileged communication from the record and ordered the clerk to seal the complaint.

If the Complaints are not sealed in their entirety, Adecco submits that there is good cause for the striking and sealing of the paragraphs cited below. In paragraph 12 of the Second Amended Complaint, Plaintiff alleges that she contacted in-house counsel for guidance for handling the internal employee complaint. Accordingly, Adecco submits that the following paragraphs, including those not alleging direct communications between in-house counsel Cordell and Plaintiff, should be stricken and sealed because they reflect alleged confidential internal employee complaints and resulting human resources department investigation under the

---

[1] Florida also recognizes that a corporation has an attorney-client communications privilege with respect to its counsel's legal communications with the company's employees and also protection over its legal work product from involuntary disclosure. *See Southern Bell Tel. & Tel. Co. v. Deason*, 632 So.2d 1377, 1380-84 (Fla. 1994) (discussing the attorney-client communications privilege and work product doctrine in the corporate context).

guidance of legal counsel, reflect confidential legal conclusions made by Plaintiff in her human resources role about whether the company was in compliance with certain statutes and alleged legal conclusions by, and mental impressions of, in-house counsel regarding the same, and reflect the company's alleged internal legal actions and strategies for handling the legal matters overseen by in-house counsel:

    a.    <u>Second Amended Complaint</u>: 1, 11-21, 23-31, 37, 44-45, 47-48.

    b.    <u>Amended Complaint</u>: 1, 11-23, 25-30, 32-33, 39, 46-47, 49.

    c.    <u>Complaint</u>: 1, 11-23, 25-30, 32-33, 39, 46-47, 49.

Based on the foregoing, Adecco respectfully submits that it has shown good cause for the sealing of the Complaints or pertinent paragraphs therein.

Dated: December 6, 2013

                                                        Respectfully Submitted,

                                                        SMITH, GAMBRELL & RUSSELL, LLP

                                                        <u>s/ Jeffrey P. Watson</u>
                                                        Jeffrey P. Watson
                                                        Florida Bar No. 0055956
                                                        SMITH, GAMBRELL & RUSSELL, LLP
                                                        50 N. Laura St., Suite 2600
                                                        Jacksonville, FL 32202
                                                        Telephone: (904) 598-6136
                                                        Facsimile: (904) 598-6236

                                                        Primary Email: jwatson@sgrlaw.com

                                                        Secondary Email: nfrazier@sgrlaw.com;
                                                        krentz@sgrlaw.com

                                                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send an electronic notice to all counsel of record.

s/ Jeffrey P. Watson<br>
Attorney