**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BARBARA HARLING,

          Plaintiff,

vs.                                        Case No. 3:13-cv-1113-J-34JRK

ADO STAFFING, INC., doing business
as ADECCO,

          Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

     This cause is before the Court on Defendant's Motion to Compel Arbitration and Dismiss this Case and Supporting Memorandum of Law (Doc. No. 9; "Motion"), filed December 3, 2013. On December 5, 2013, the Motion was referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Order of Referral (Doc. No. 11). Plaintiff responded in opposition to the Motion on December 31, 2013. See Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Arbitration and Stay [sic] the Instant Proceedings (Doc. No. 15; "Opposition"). By Order entered January 6, 2014 (Doc. No. 17), the undersigned directed Defendant to submit a reply and permitted Plaintiff to submit a sur-reply. Defendant filed a Reply in Support of its Motion to Compel Arbitration and Dismiss This Case (Doc. No. 19; "Reply") on January 13, 2014. Plaintiff filed

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

a Sur-Reply to Defendant's Reply in Support of its Motion to Compel Arbitration and Dismiss

This Case (Doc. No. 20; "Sur-Reply") on January 21, 2014.

## I.  Background

Plaintiff began her employment as a Director of Human Resources for Defendant on

or about September 30, 2012, at which time Plaintiff signed a written employment agreement

containing a provision entitled, "Dispute Resolution and Arbitration Program" ("Arbitration

Agreement").   See Opposition at 1; Motion at 2 ¶ 2.   In relevant part, the Arbitration

Agreement provides:

> any and all legally cognizable disputes, claims or controversies arising out of
> or relating to th[e] Agreement, the employment relationship between the
> parties, or the termination of the employment relationship, shall be resolved by
> binding arbitration in accordance with the Employment Arbitration Rules of the
> American Arbitration Association [("AAA")] then in effect . . . This Agreement
> shall be enforceable under and subject to the Federal Arbitration Act [("FAA")],
> 9 U.S.C. § 1 et seq. and shall survive after the employment relationship
> terminates.

Motion at Ex. A. p. 3 ¶ 11.

Defendant terminated Plaintiff's employment on or about June 12, 2013.  Second Am.

Compl. (Doc. No. 8), filed November 15, 2013, at 9 ¶ 32.  Plaintiff originally brought this case

against Defendant on September 13, 2013, alleging violations of the anti-retaliation provision

of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the Florida

Whistleblower's Act, Fla. Stat. §§ 448.101-.105 ("Florida Whistleblower's Act").[1]  See Compl.

(Doc. No. 1) at 10, 12 ¶¶ 41, 50.  Plaintiff has since amended the Complaint on two occasions

(see Doc. No. 5 (Amended Complaint), filed October 8, 2013, Doc. No. 8 (Second Amended

Complaint)), but the claims have not changed.

---

[1]      On January 10, 2014, Plaintiff also filed a charge of discrimination with the United States
Equal Employment Opportunity Commission.  Sur-Reply at 1.  Plaintiff indicates that once she obtains her
notice of right to sue, she will seek to enforce her statutory remedies under Title VII of the Civil Rights Act,
42 U.S.C. § 2000e, et seq., before this Court.  See Sur-Reply at 1.

## II.  Parties' Positions

Defendant seeks an Order compelling arbitration and dismissing this case pursuant to the Arbitration Agreement and sections 2 through 4 of the FAA.  Motion at 3 ¶ 7; see 9 U.S.C. §§ 2-4.  Defendant asserts the Arbitration Agreement is enforceable under the FAA, and Defendant claims it has not waived its right to compel arbitration because it has not substantially participated in litigation to a point that is inconsistent with its intent to arbitrate.  Motion at 3-9.  Defendant correctly points out that the instant Motion was Defendant's first appearance in this case.[2]  Id. at 9.

Plaintiff responds to Defendant's Motion by arguing first that the Arbitration Agreement is unenforceable because it is contrary to the fee-shifting provisions of the Florida Constitution and the FLSA.  Opposition at 3-4.  Plaintiff alleges under the AAA's rules, an employee must pay considerable fees depending upon the nature or value of her claim.  Id.  Plaintiff speculates these fees will be between $4,000 and $7,000, not including the arbitrator's compensation.  Id. at 4.  Second, Plaintiff argues Defendant has waived its right to demand arbitration.  Id. at 5-6.  Plaintiff alleges Defendant acted inconsistently with its arbitration right by:  (1) not indicating any intention to arbitrate before filing the Motion, including in voicemail correspondence; (2) refusing to accept service of process; and (3) requiring multiple times different entities to be named as the defendant in the various complaints.  Id. at 5-6.  Plaintiff argues this has prejudiced her because she has incurred substantial legal fees in connection with drafting, filing, and serving her Complaint on Defendant "several times."  Id. at 6.  Third, Plaintiff asserts her yet-to-be-filed (in this Court)

---

[2]      Defendant later filed a Motion to Seal Plaintiff's Complaints or, Alternatively, to Strike and Seal Specific Allegations and Supporting Memorandum of Law (Doc. No. 12; "Motion to Seal Plaintiff's Complaints"), claiming the complaints contain privileged content that needs to be redacted or sealed. Defendant has now filed objections to the undersigned's order entered on January 23, 2014, granting in part and denying in part Defendant's Motion to Seal Plaintiff's Complaints (Doc. Nos. 21, 25).

but forthcoming claims related to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e to 2000e-17 ("Title VII"), are not subject to the mandatory arbitration provision.  Opposition at 6-7.  In this regard, Plaintiff references the portion of the Arbitration Agreement, id. at 7 (citation omitted), that states, "Regardless of any other terms of this Agreement, claims may be brought before an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate.  Such administrative claims may include without limitation claims or charges brought before the Equal Employment Opportunity Commission [("EEOC")] . . . ."  Motion, Ex. A. p. 4 ¶ 12.

In its Reply, Defendant first contends that Title VII claims are properly arbitrated the same as contractual claims.  Reply at 2.  In support, Defendant argues that although charges brought before the EEOC are not subject to mandatory arbitration, claims based on those charges brought into a court of law by Plaintiff are subject to arbitration.  Id. at 2-4.  Second, Defendant maintains that dismissal of this case is appropriate because all claims are subject to binding arbitration.  Id. at 4-5.  Third, Defendant asserts the Arbitration Agreement is valid and enforceable.  Id. at 5.  Defendant reasons that the Arbitration Agreement incorporates the Employment Arbitration Rules of the AAA and does not deny Plaintiff her contractual or statutory remedies.  Id.  Defendant argues Plaintiff cannot avoid the Arbitration Agreement just because it may involve fee shifting.  Id.  Fourth, Defendant reiterates it has not waived its right to arbitration because Defendant has not taken any affirmative action, such as conducting discovery.  Id. at 5-7.  According to Defendant, its only actions in this case have been the filing of the instant Motion and the Motion to Seal Plaintiff's Complaints due to

privileged content; thus, Defendant argues, it has not acted inconsistently with the decision to arbitrate.[3] Id. at 5-7.

In her Sur-Reply, Plaintiff represents that she timely filed her charge of retaliation with the EEOC and will seek to enforce her statutory remedies under Title VII before this Court once she obtains her notice of right to sue. Sur-Reply at 1-3. Additionally, Plaintiff reiterates that all of her claims should be heard by this Court for three reasons: (1) the Arbitration Agreement did not put Plaintiff on sufficient notice that she was waiving her right to bring suit for her statutory claims under Title VII, making that portion of the Arbitration Agreement unenforceable; (2) Defendant acted inconsistent with the right to arbitrate; and (3) requiring Plaintiff to pursue her whistleblower, withheld wages, and Title VII claims in arbitration defeats the purposes of each of these statutes because the AAA's rules require an employee to pay fees that are contingent on the value of her claim. Id. at 3-4.

### III.  Legal Framework

When determining whether to compel arbitration, generally a court considers so-called "gateway" matters. Anders v. Hometown Mortg. Servs., Inc., 346 F.3d 1024, 1027 (11th Cir. 2003) (citing Green Tree Fin. Corp v. Bazzle, 539 U.S. 444, 452 (2003)). In other words, the default rule is that a court should decide "'such issues as are essential to defining the nature of the forum in which a dispute will be decided.'" Musnick v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255, 1261 (11th Cir. 2003) (quoting Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001)). Specifically, the following factors should be considered: 1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable

---

[3]        But see supra n.2.

issue exists; and 3) whether the right to arbitrate has been waived.  Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (naming factors); see Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1370-79 (11th Cir. 2005) (discussing validity of agreement and whether employment claims can be arbitrable);  S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990) (discussing waiver of the right to arbitrate).  There is a strong federal policy favoring arbitration; thus, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]"  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

## IV.  Discussion

The undersigned addresses the first and second factors together, followed by the third factor separately.

## A.  First and Second Factors

The first and second factors – whether there is a valid written agreement to arbitrate and whether arbitrable issues exist – are largely undisputed by Plaintiff.[4]  Plaintiff does not dispute that she entered into the written Arbitration Agreement.  Nor does Plaintiff argue that the FAA is inapplicable.[5]  Plaintiff does contend, however, that her claims should not be arbitrated because the Arbitration Agreement impermissibly forces her to incur certain costs associated with arbitration that she would not have to incur bringing her claims in this Court, and that arbitration impermissibly takes away her right to attorney's fees if she prevails.

---

[4]     As summarized above, Plaintiff does contend that her forthcoming Title VII claims are not arbitrable, and that contention is addressed infra at p. 9.

[5]     The Agreement states it "shall be enforceable under and subject to the [FAA] and shall survive after the employment relationship terminates."  Motion at Ex. A. p. 3 ¶ 11.

Opposition at 4.   In support of these contentions, Plaintiff argues that "[p]ermitting Defendant's request for arbitration would constitute a contractual waiver of the statutory right to the protections of employees (i.e., providing employees access to courts to challenge these practices, as well as awarding attorney's fees to prevailing plaintiffs) and would nullify the purposes of the Florida Constitution and the FLSA." Id. (citation omitted).

Although neither party has suggested that Plaintiff's contentions are for the arbitrator to decide, the undersigned finds that pursuant to the terms of the parties' Arbitration Agreement, these issues must be decided by the arbitrator and not the Court. See Jones v. Pro Source Servs., No. 8:13-cv-1311-T-30EAJ, 2013 WL 3776689, at *2-3 (M.D. Fla. July 17, 2013) (unpublished) (finding the same although the parties assumed the court should decide the issue of whether an attorney's fee provision of an arbitration agreement "impermissibly abridge[d the plaintiff's] statutory rights").

The FAA mandates that any agreement to resolve a dispute by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.   Generally speaking, a court would decide whether the grounds for revocation argued by Plaintiff exist. See Anders, 346 F.3d at 1027 (citing Green Tree Fin. Corp, 539 U.S. at 452).   That is, unless the parties have expressly agreed otherwise.

One way for the parties to expressly agree that an arbitrator should decide the threshold issues is to incorporate AAA rules into their agreement that, in turn, dictate the scope of the arbitrator's jurisdiction.   In Terminix International Co. v. Palmer Ranch Ltd. Partnership, the parties did just that.   432 F.3d 1327, 1332 (11th Cir. 2005).   There, the

-7-

parties incorporated the AAA's Commercial Arbitration Rules. Id.  One of the rules, now Rule 7 (formerly Rule 8(a)), provided "that the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Id. (quotation and citation omitted).  "By incorporating the AAA Rules, including Rule [7 (formerly Rule 8(a))], into their agreement," found the United States Court of Appeals for the Eleventh Circuit, "the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." Id. (collecting cases)

In Terminix, the party seeking to avoid arbitration argued that the agreement to arbitrate "illegally deprive[d the party] of statutory remedies and rights, including punitive damages, treble damages, damages and injunctive and declaratory relief under the F[lorida ]D[eceptive and ]U[nfair ]T[rade ]P[ractices ]A[ct], and attorney's fees." Id. at 1329 (quotation omitted).  The party further argued "that the whole arbitration clause [was] unenforceable because . . . [the] unenforceable remedial restrictions . . . [were] not severable from the remainder." Id. at 1331.  The Eleventh Circuit determined that although it would normally resolve such arguments, in light of the parties' agreement otherwise, those issues were for the arbitrator. Id. at 1333; see also In re Checking Account Overdraft Litig., 674 F.3d 1252, 1255 (11th Cir. 2012) (finding that "[c]ourts should enforce valid delegation provisions as long as there is 'clear and unmistakable' evidence that the parties manifested their intent to arbitrate a gateway question" (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 130 S. Ct. 2772, 2777-78 & n.1 (2010))).

Here, the Arbitration Agreement requires the parties to arbitrate under the AAA's Employment Arbitration Rules.  Motion at Ex. A. p. 3 ¶ 11 (emphasis omitted).[6]  Identical to the AAA's Commercial Arbitration Rules in <u>Terminix</u>, the AAA's Employment Arbitration Rules provide the arbitrator with the power to decide his/her own jurisdiction.  Specifically, Rule 6(a) states: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."[7]  By incorporating the AAA's Employment Arbitration Rules into their Arbitration Agreement, the parties "clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid."  <u>Terminix</u>, 432 F.3d at 1332 (collecting cases); <u>see also</u> <u>Rent-A-Center, West, Inc.</u>, 130 S. Ct. at 2777-78.  This includes questions of the validity and scope of the Arbitration Agreement.  <u>See</u> <u>Terminix</u>, 432 F.3d at 1332 (collecting cases); <u>Jones</u>, 2013 WL 3776689, at *2.

Regarding Plaintiff's contention that her forthcoming Title VII claims are not subject to arbitration, that too should be answered by the arbitrator.  In any event, because Plaintiff still has not obtained her notice of right to sue and has not brought her Title VII claims in this Court, Plaintiff's contention in this regard would not be ripe for this Court to consider even if it were otherwise proper for the Court to do so.

---

[6]     Indeed, Plaintiff recognizes the AAA rules apply in arguing that the fees she must pay under the AAA's rules amount to an impermissible denial of access to the courts.

[7]     As the Arbitration Agreement states, these rules are available by visiting www.adr.org (last visited Feb. 19, 2014).  The undersigned notes that the Eleventh Circuit in <u>Terminix</u> similarly visited this website when the applicable rule was not otherwise part of the record.  <u>Terminix</u>, 432 F.3d at 1332, 1333 n.5.

**B. Third Factor**

The third gateway factor is whether the right to arbitrate has been waived by Defendant. Plaintiff contends Defendant has waived its right to demand arbitration by acting inconsistently with its right to arbitrate. Opposition at 5-6. Plaintiff further contends she has been prejudiced as a result. Id. at 6.

Rule 6(a) of the AAA's Employment Rules (the jurisdictional rule) does not "clearly and unmistakably" indicate that it is intended that the arbitrator decide any issue of whether there has been a waiver of the right to arbitrate. Accordingly, the undersigned deems it appropriate for the Court to determine whether there has been a waiver by Defendant of the right to arbitrate. See Wootten v. Fisher Investments, Inc., 688 F.3d 487, 492-94 (8th Cir. 2012) (finding the district court did not err in declining to consider the question of arbitrability in light of the parties' agreement for the arbitrator to consider that question, and separately considering whether the defendant waived its right to arbitrate).

To determine whether the right to arbitrate has been waived, courts apply a two part test: i) whether, "'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right'"; and ii) "whether, by doing so, that party 'has in some way prejudiced the other party.'" Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002) (quoting S & H Contractors, Inc., 906 F.2d at 1514); see also Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012) (quotations and citations omitted). Due to the strong federal policy favoring arbitration, "any party arguing waiver of arbitration bears a heavy burden of proof." Stone v. E.F. Hutton & Co., Inc., 898 F.2d 1542, 1543 (11th Cir. 1990) (quotation and citation omitted).

**i. Defendant has not acted inconsistently with the right to arbitration.**

A party that "'substantially invokes the litigation machinery prior to demanding arbitration'" may waive the right to arbitrate.  Garcia, 699 F.3d at 1277 (quoting S & H Contractors, 906 F.2d at 1514).  The key is whether there has been substantial participation in litigation "to a point inconsistent with an intent to arbitrate[.]"  Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1366 (11th Cir. 1995).  As examples, courts have held that long delays in seeking to compel arbitration and participation in discovery can amount to acting inconsistently with the right to arbitrate.  See, e.g., Garcia, 699 F.3d at 1277 (party failed to move to compel arbitration twice even though the court invited it to do so, and party participated substantially in litigation by conducting discovery for more than one year); S & H Contractors, 906 F.2d at 1514 (holding a party acted inconsistently with the right to arbitrate when it waited eight months to move to compel arbitration, by which time the parties had litigated two motions and the moving party had taken five depositions); Int'l Hair & Beauty Sys., LLC v. Simply Organic Inc., No. 8:11-cv-1883-T-30AEP, 2012 WL 3670260, at *3 (M.D. Fla. Aug. 24, 2012) (unpublished) (finding waiver when a defendant "filed an answer and affirmative defenses, participated in hearings, submitted an affidavit in opposition to and testified against [the opposing party's] motion for a Temporary Restraining Order, objected to document requests, answer interrogatories, and had his deposition taken" before requesting to arbitrate eight months into the litigation).

"The failure to assert the right of arbitration alone," without a finding of substantial participation in litigation, "does not establish a waiver of the right of arbitration."  Suntrust Bank v. Gill, No. 8:10-CV-2619-T-17TBM, 2011 WL 2192825, at *2 (M.D. Fla. June 6, 2011)

-11-

(unpublished).  When a defendant merely appears in an action and files "some motions, without response and adjudication," it is not typically considered substantial participation in litigation.  Id.[8]

Plaintiff contends Defendant acted inconsistently with its arbitration right by:  (1) not indicating any intention to arbitrate before filing the Motion, including in voicemail correspondence; (2) refusing to accept service of process; and (3) requiring multiple times different entities to be named as the defendant in the various complaints.   However, Defendant's conduct has not amounted to substantial participation in litigation.  Defendant has yet to conduct any discovery in the matter.  See Reply at 5-7.  Defendant's only actions in this case are the filing of the instant Motion, a Motion to Seal Plaintiff's Complaints due to allegedly privileged content, and the filing of objections to the undersigned's Order on the Motion to Seal Plaintiff's Complaints.  See Reply at 5-7; supra notes 2 & 3.[9]  Furthermore, there was no delay in the filing of the instant Motion.  The Second Amended Complaint was filed on November 15, 2013, and the Motion followed on December 3, 2013.  See Second Am. Compl.; Motion.  The Motion was Defendant's first appearance in the case.  Because Defendant has not participated in discovery, has not unreasonably delayed in moving to arbitrate, and has not substantially participated in litigation, Defendant has not acted inconsistently with its right to arbitrate.

---

[8]     The court in the Suntrust Bank case alternatively found that even if there had been substantial participation in litigation, the opposing party had not been prejudiced, and the right to arbitration had not been waived.  Suntrust Bank, 2011 WL 2192825, at *2.

[9]     As of the date of this Report and Recommendation, Plaintiff has not responded to Defendant's objections to the undersigned's Order on the Motion to Seal Plaintiff's Complaints.

### ii. Plaintiff has not been sufficiently prejudiced.

Even if Defendant had acted inconsistently with the right to arbitrate, Plaintiff's attempt to avoid arbitration is still futile because she cannot show she has been prejudiced as a result. "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." Morewitz, 62 F.3d at 1366 (citation omitted); Garcia, 699 F.3d at 1277 (quotation and citation omitted) (in determining whether prejudice has occurred, the court "may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process").   Additionally, "[t]he use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration." Stone v. E.F. Hutton & Co, 898 F.2d 1542, 1543 (11th Cir. 1990) (citation omitted).

Plaintiff argues she "has incurred substantial legal fees in connection with drafting, filing, and serving (several times) her complaint[s] on Defendant." Opposition at 6.   Arguably, these fees and expenses were incurred because of Plaintiff's own actions in naming and serving the incorrect entity.[10]   If this is not the case, then both parties could be at fault. Regardless of which party caused the fees and expenses to be incurred, the fact that they were incurred does not amount to prejudice to Plaintiff.

---

[10]      Plaintiff contends in the Opposition that her counsel relied to some degree on the representations of Defendant's "internal counsel" in naming the various entities.  Opposition at 5-6. Regardless, a plaintiff is still responsible for determining and naming the correct entity to be sued.

**C.  Whether a Dismissal or a Stay is Appropriate.**

Defendant seeks dismissal of this matter rather than a stay of the proceedings until the arbitration has been completed.  Motion at 1; Reply at 4-5.  The plain language of section 3 of the FAA provides for a stay of litigation when the claims are properly referable to arbitration, but it does not provide for dismissal of a case. 9 U.S.C. § 3[11]; see Senti v. Sanger Works Factory, Inc., 2007 WL 1174076, at *9 (M.D. Fla. Apr. 18, 2007).

As Defendant recognizes, the federal circuit courts of appeal are split on the issue of whether a court may dismiss a case when all claims in the case before it are covered by a valid and binding arbitration agreement.  Compare Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (finding dismissal appropriate when all issues are covered by arbitration), with Lloyd v. Hovensa, LLC, 369 F.3d 263, 268-71 (3d Cir. 2004) (holding the language of the FAA requires a stay pending arbitration).  The Eleventh Circuit appears not to have addressed this issue on point, although it has recognized that the plain text of Section 3 requires a stay.  See Klay v. All Defendants, 389 F.3d 1191, 1203-04 (11th Cir. 2004) (stating "[p]ursuant to Section 3 of the FAA, a district court shall stay a pending suit 'upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration' under a valid arbitration agreement") (citations omitted); see also Hill v. Rent-A-Center, 398

---

[11]        Section 3 provides in full as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

-14-

F.3d 1286, 1288 (11th Cir. 2005) (affirming "[t]he district court's stay order compelling arbitration of [the plaintiff's] employment discrimination claims").

The undersigned recognizes that the "weight of authority supports a dismissal when all of the issues raised in the district court are covered by arbitration," but nevertheless finds it appropriate to stay this matter rather than dismiss it.  In re Wiand, 2011 WL 4532070, at *13 n.26 (M.D. Fla. June 8, 2011) (unpublished report and recommendation) (collecting cases) (indicating the Eleventh Circuit has not addressed the issue on point, recognizing the circuit split and the weight of authority supporting dismissal, and recommending "that the Court adhere to the text of the statute and stay the[] actions"), adopted, 2011 WL 4530203, at *14-15 (M.D. Fla. Sept. 29, 2011) (unpublished order).  The FAA does not oust the district court's jurisdiction, but rather contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time.  Senti, 2007 WL 1174076, at *9 (citing Anaconda v. Am. Sugar Ref. Co., 322 U.S. 42 (1944); Meyer v. Dans Un Jardin, S.A., 816 F.2d 533, 538-39 (10th Cir. 1987)).  This prevents any impairment of a plaintiff's rights to seek relief.  Meyer, 816 F.2d at 538-39.  Although Plaintiff does not propose a stay of litigation in the event the case proceeds to arbitration, it is still within the Court's discretion to make this determination.  Considering that Plaintiff seems concerned with sufficient protection of her statutory rights and that the arbitrator should decide the questions of the validity and scope of the Arbitration Agreement, and also consistent with the Court's normal practice in these matters, a stay of the proceedings is more appropriate than a dismissal.

## V.  Conclusion

For the foregoing reasons, it is **RECOMMENDED THAT**:

1.      Defendant's Motion to Compel Arbitration and Dismiss this Case and Supporting Memorandum of Law (Doc. No. 9) be **GRANTED in part and DENIED in part;**

2.      The Motion be **GRANTED** to the extent it seeks to compel arbitration, but **DENIED** to the extent it moves to dismiss the proceedings; and

3.      The Court order the parties to submit to arbitration, stay the instant proceedings, retain jurisdiction over the case, and direct the parties to file periodic reports on the status of arbitration.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 21, 2014.

JAMES R. KLINDT
United States Magistrate Judge

copies:

Honorable Marcia Morales Howard
United States District Judge

Counsel of record