**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BARBARA HARLING,

                Plaintiff,

vs.                                Case No.  3:13-cv-1113-J-34JRK

ADO STAFFING INC., d/b/a ADECCO,

                Defendant.

_____/

## <u>ORDER</u>

      **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 26; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on February 21, 2014.  On December 5, 2013, Defendant's Motion to Compel Arbitration and Dismiss this Case and Supporting Memorandum of Law (Doc. No. 9; Motion) was referred to Magistrate Judge Klindt for the issuance of a report and recommendation regarding an appropriate resolution.  <u>See</u> Order of Referral (Doc. No. 11).  In the Motion, Defendant asserts that the parties' arbitration agreement is enforceable under the FAA and that Defendant has not waived its right to compel arbitration because it has not substantially participated in litigation to a point that is inconsistent with its intent to arbitrate.  <u>See</u> Motion at 3-9.  In opposition to the Motion, Plaintiff argues first that the parties' arbitration agreement is unenforceable because it is contrary to the fee-shifting provisions of the Florida Constitution and the Fair Labor Standards Act, 29 U.S.C. §§ 201-209.  <u>See</u> Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Arbitration and Stay the Instant

Proceedings at 3-4 (Doc. No. 15; Opposition).  Additionally, Plaintiff argues that Defendant has waived its right to demand arbitration and that her yet-to-be-filed (in this Court) but forthcoming claims related to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e to 2000e-17, are not subject to the mandatory arbitration provision.  Opposition at 5-7.  Finding Plaintiff's contentions unavailing,[1] Magistrate Judge Klindt recommends that the Motion be granted to the extent it seeks to compel arbitration, and denied to the extent it seeks to dismiss the proceedings.  See Report at 16.

While the Motion was pending, Defendant filed Defendant's Motion to Seal Plaintiff's Complaints or, Alternatively, to Strike and Seal Specific Allegations and Supporting Memorandum of Law (Doc. No. 12; Motion to Seal), which Plaintiff opposed, in part.  See generally Plaintiff's Response to Defendant's Motion to Seal Plaintiff's Complaints, or, Alternatively, to Strike and Seal Specific Allegations (Doc. No. 18; Response).  On January 23, 2014, Magistrate Judge Klindt entered an Order (Doc. No. 21; January 23, 2014 Order) granting the Motion to Seal to the extent that he directed the Clerk of Court to redact certain paragraphs of the Complaint (Doc. No. 1), the Amended Complaint (Doc. No. 5), and the Second Amended Complaint (Doc. No. 8).  See January 23, 2014 Order at 3.  In response to the Court's January 23, 2014 Order, on February 5, 2014, Defendant filed Defendant's Objections to Order (Doc. No. 25; Objections).  The Objections are currently awaiting resolution by the Court.

---

[1] In addressing the merits of Plaintiff's waiver argument, the Court notes that in Grigsby & Assoc., Inc. v. M Securities Investment, the Eleventh Circuit Court of Appeals held that "it is presumptively for the court to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate."  664 F.3d 1350, 1353 (11th Cir. 2011) (noting a distinction between such conduct-based waiver claims and those associated with a defense arising from non-compliance with contractual conditions precedent to arbitration).

2

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court  is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

No objections to the Report have been filed, and the time for doing so has now passed.  Upon independent review of the record, including the Report and the Motion, the undersigned will approve the recommendation to grant the Motion to the extent it seeks to compel arbitration and to deny the Motion to the extent it seeks to dismiss the proceedings.  As such, the Court will approve the recommendation that the Court order the parties to submit to arbitration, stay the instant proceedings, and direct the parties to file periodic reports on the status of arbitration.  Therefore, the Court will stay the action except to the extent that the Court will resolve the fully briefed Objections to the Court's January 23, 2014 Order.  Accordingly, the Court will accept and adopt Magistrate Judge Klindt's Report.

In light of the foregoing, it is hereby **ORDERED**:

1.    The Magistrate Judge's Report and Recommendation (Doc. No. 26) is **ADOPTED** as the opinion of the Court.

2.    Defendant's Motion to Compel Arbitration and Dismiss this Case and Supporting Memorandum of Law (Doc. No. 9) is **GRANTED** to the extent that

3

Plaintiff's claims should be submitted to arbitration, and **DENIED** to the extent it seeks to dismiss the proceedings.

3.  Except to the extent the Court will resolve Defendant's Objections to Order (Doc. No. 25), the case is **STAYED** pending notification by the parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed.   The Clerk of the Court is directed to administratively close this case pending further order of the Court.

4.  The parties are **ORDERED** to file a joint status report with this Court every ninety (90) days until this matter is resolved.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of April, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Hon. James R. Klindt

Counsel of Record

4