**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BARBARA HARLING,

                Plaintiff,

vs.                              Case No.  3:13-cv-1113-J-34JRK

ADO STAFFING INC., d/b/a ADECCO,

                Defendant.
_____/

## ORDER

      **THIS CAUSE** is before the Court on Defendant's Objections to Order (Doc. No. 25;

Objections), filed on February 5, 2014.  In the Objections, Defendant challenges the Order

(Doc. No. 21; Order) entered by the Honorable James R. Klindt, United States Magistrate

Judge, on January 23, 2014, in which Judge Klindt granted in part and denied in part

Defendant's Motion to Seal Plaintiff's Complaints or, Alternatively, to Strike and Seal Specific

Allegations and Supporting Memorandum of Law (Doc. No. 12; Motion).  The magistrate

judge's Order disposing of Defendant's Motion is a non-dispositive pretrial ruling under

Federal Rule of Civil Procedure (Rule(s)) 72(a).  See Vann v. Lone Star Steakhouse &

Saloon of Springfield, Inc., 967 F. Supp. 346, 348-49 (C.D. Ill. 1997) (Former employer's

motion to compel disclosure of records by psychotherapist who treated former employee was

a non-dispositive motion within the province of the magistrate judge to decide where the

1

former employee claimed the records were protected under the psychotherapist-patient privilege).  Thus, Defendant's Objections are brought pursuant to Rule 72(a).[1]

## I.     Background and Procedural History

On September 13, 2013, Plaintiff, Barbara Harling ("Harling" or "Plaintiff") filed a Complaint and Demand for Jury Trial (Doc. No. 1-2; Complaint) against Adecco Group North America, Inc.  Harling later filed her Amended Complaint and Demand for Jury Trial (Doc. No. 5; Amended Complaint) against ADO Staffing, Inc., d/b/a Adecco Group North America Inc., and a Secong [sic] Amended Complaint and Demand for Jury Trial (Doc. No. 8; Second Amended Complaint) on November 15, 2013, naming ADO Staffing, Inc., d/b/a Adecco ("Adecco" or "Defendant").  In all three complaints, Harling alleges that Adecco violated the anti-retaliation provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et. seq., and the Florida Whistleblower Statute, Fla. Stat. § 448.101 et. seq., by retaliating against and terminating Harling when "she objected to, and/or refused to participate in" the misclassification of employees[2] and retaliation against an employee who had complained of sexual harassment.  See generally Complaint, Amended Complaint, Second Amended Complaint.

---

[1] The Advisory Committee notes to Rule 72 contemplate "that a party who is successful before the magistrate [judge] will be afforded an opportunity to respond to objections raised to the magistrate's ruling."  Fed. R. Civ. P. 72(a), Advisory Committee Note, 1983 Addition.  Although given ample opportunity, Plaintiff has not submitted a response to the Objections.  Upon review of the record, the Court is able to resolve the Objections without the benefit of a response.

[2] Plaintiff alleges that Adecco employees were misclassified under the "Computer Professional Exemption" and that as a result these employees were not being paid overtime as required by law.  See Second Amended Complaint at ¶¶ 1, 11, 19.

On December 6, 2013, Adecco filed the Motion, which the magistrate judge summarized as follows:

> [Adecco] asserts that certain paragraphs in the Complaint, Amended Complaint, and Second Amended Complaint contain "internal confidential legal matters and privileges [that] cannot be adequately protected from public disclosure absent sealing. . . ." Motion at 2. These matters mainly involve communications between Plaintiff, in her position as a (former) Human Resources Director for Defendant, and Defendant's in-house counsel. Id.

Order at 1.   Harling filed Plaintiff's Response to Defendant's Motion to Seal Plaintiff's Complaints, or, Alternatively, to Strike and Seal Specific Allegations (Doc. No. 18; Response), and, as summarized by the magistrate judge,

> [i]n opposing the wholesale sealing of the Complaint, Amended Complaint, and Second Amended Complaint, Plaintiff claims that the alleged facts in the documents are "facts about which she had personal knowledge." Response at 2.   According to Plaintiff, in the Complaint and Amended Complaint, she only set forth certain facts known personally to her and that she discussed these facts with in-house counsel. Id. at 2-3. Plaintiff did not set out the substance of discussions she had with in-house counsel. Id. Plaintiff does not object to the sealing of certain paragraphs in the Second Amended Complaint that contain the substance of discussions she had with in-house counsel. Id. at 3.[3]

Order at 1-2. After review of the parties' respective filings, the magistrate judge entered the Order in which he directed the Clerk of Court to redact ¶¶ 19 and 20[4] from the Complaint and Amended Complaint, and ¶¶ 12, 14, 20, 21, 23, and 25 of the Second Amended Complaint.

---

[3] In the Response, Plaintiff indicated that she did not oppose the sealing of ¶¶ 12, 14, 20, 23, and 25 of the Second Amended Complaint.  See Response at 1.

[4] In the body of the Order, the magistrate judge states that ¶¶ 19 and 23 of the Complaint and Amended Complaint "clearly contain the substance of protected conversations with in-house counsel." Order at 2.  However, in the decretal, the magistrate judge directs the Clerk of Court to redact  ¶¶ 19 and 20 from the Complaint and Amended Complaint.  Id. at 3.  As discussed below, it appears that the magistrate judge inadvertently omitted from the decretal its direction to redact ¶ 23 from the Complaint and Amended Complaint.  As the Court determines this paragraph contains privileged material, the Court will sustain Adecco's objection as to the failure to seal this paragraph.

3

See id. at 3.  In doing so, the magistrate judge found "that with respect to the particular paragraphs identified, there is good cause to redact them from the public docket given that they arguably contain privileged information." Id. at 3 n.2.  In accordance with the magistrate judge's directive, the Clerk of Court replaced the complaints on the public docket with the redacted version, and filed unredacted versions of the complaints under seal.

Subsequent to the entry of the magistrate judge's Order, Adecco filed the instant Objections, in which Adecco objects to the magistrate judge's denial of Adecco's request to seal the Complaint, Amended Complaint, and Second Amended Complaint in their entirety. Objections at 2-3.  Additionally, Adecco objects to the magistrate judge's denial of Adecco's request to seal specific individual paragraphs. See id. at 3-7.  In general, Adecco asserts that certain paragraphs in the complaints reveal "the company's alleged internal legal conclusions, investigatory direction by in-house counsel, and how the company allegedly handled the legal claim (i.e., its strategy)," all of which Adecco contends are protected by Adecco's attorney client privilege. Id. at 4.  Adecco also maintains that certain allegations reveal information protected by the "work product/in anticipation of litigation doctrine[.]" See id. at 4, 5-6.

## II.    Standard of Review

Because the Order does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).  As such, to prevail in its Objections, Defendant must establish that the conclusion to which it objects in the Order is clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d

4

1013, 1016-17 (5th Cir. Unit A June 2, 1981);[5] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).  "Clear error is a highly deferential standard of review."  Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").  A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23,

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2008) (similar) (citation omitted); <u>Schaaf v. SmithKline Beecham Corp.</u>, Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[6]

## III.   Analysis

### A.   Objection to Not Sealing the Complaints in their Entirety

Adecco first objects to the magistrate judge's denial of its request to seal each of the three complaints in its entirety.  Objections 2-3.  Specifically, Adecco asserts that

> even with the limited redactions ordered by the Court, one can still piece together the very nature and essence of the confidential internal investigations Plaintiff and her supervisors were conducting under the guidance and direction of in-house legal counsel, and the company's legal department's alleged strategies, responses, and conclusions about those legal matters.

<u>Id.</u>  Further, Adecco asserts that "[b]ecause the allegations pervade the [c]omplaints, Adecco's privileges cannot be adequately protected from public disclosure absent sealing of the [c]omplaints in their entirety."  <u>Id.</u> at 3.  The magistrate judge determined that the sealing of each complaint in its entirety was "too broad" because "[i]t is almost impossible to determine with requisite specificity the information known to Plaintiff from other sources and that which was learned from conversations with in-house counsel[,]" and because "[i]t is equally difficult to determine which allegations are 'alleged legal conclusions by, and mental impressions of, in-house counsel[.]'"  Order at 2 (quoting Motion at 6).  In declining to seal the complaints in their entirety, the magistrate judge noted that "[i]n evaluating

---

[6] The Court notes some authority that the contrary to law standard invites plenary review of a magistrate judge's legal conclusions.  <u>See</u> e.g., <u>Haines v. Liggett Group, Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992); <u>Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.</u>, 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); <u>Computer Econ., Inc. v. Gartner Group, Inc.</u>, 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999).  In this Circuit, however, the contrary to law standard has been distinguished as more deferential than <u>de novo</u> review.  <u>See</u> <u>Merritt</u>, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.").

whether good cause exists to overcome the [public's right to access judicial proceedings], a court should consider 'the availability of a less onerous alternative to sealing the documents.'" Id. at 3 n.2 (quoting Romero v. Drummond, Inc., 480 F.3d 1234, 1246 (11th Cir. 2007)).

Upon review, the Court finds that Adecco has not established that the magistrate judge clearly erred in declining to seal the entirety of each of the complaints.  Indeed, the Court notes that "[t]he common-law right of access to judicial proceedings" is "an essential component of our system of justice" and "is instrumental in securing the integrity of the process."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted).  Moreover, "[a] complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision."  F.T.C. v. AbbVie Products LLC, 713 F.3d 54, 62 (11th Cir. 2013).  Therefore, "[a] complaint and its exhibits . . . are surely 'subject to the common-law right.'" Id. at 64 (quoting Chicago Tribune, 263 F.3d at 1312); see also IDT Corp. v. eBay, 709 F.3d 1220, 1223 (8th Cir. 2013) (noting the "modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment").  However, the Court also recognizes "[t]he critical role that attorney-client privilege[7] plays in facilitating the administration of justice" and notes the

---

[7] The federal common law of privileges governs in federal question cases.  Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc., 230 F.R.D. 688, 690 (M.D. Fla. 2005) (citing Fed. R. Evid. 501).  "The attorney-client privilege applies to 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'" Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1262 (11th Cir. 2008) (quoting Mead Data Central, Inc.

"interest in preserving a durable barrier against disclosure of privileged attorney-client information" is "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 11 (1st Cir. 1998) (citations omitted).

Given that most of the allegations in the complaints do not contain any information protected by the attorney client privilege or work product doctrine,[8] the Court determines that the magistrate judge's Order declining to seal the entirety of the three complaints is not clearly erroneous. See Dombrowski v. Bell Atlantic Corp., 128 F. Supp. 2d 216, 219 (E.D. Pa. 2000) (finding that "most of the allegations" in a 93-paragraph complaint "contain no attorney-client communications" and, as such, retaining under seal only certain words and sentences of three paragraphs). Adecco has not established the magistrate judge's finding is either clearly erroneous or contrary to law. Thus, Adecco's objection to this portion of the magistrate judge's Order is due to be overruled.[9]

---

v. U.S. Dep't of Air Force, 566 F.2d 242, 252 (D.C. Cir. 1977)). Further, "[t]he Supreme Court has broadly construed this privilege in support of the underlying policy 'that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.'" Id. at 1262-63 (quoting Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)). However, the Court also emphasizes that the attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." Upjohn Co., 449 U.S. at 395.

[8] For example, ¶¶ 2-8 of all three complaints simply contain allegations regarding jurisdiction and the identity of the parties. See Complaint at 2-3; Amended Complaint at 2-3; Second Amended Complaint at 2-3. Additionally, a plethora of other paragraphs contain only factual allegations underlying Harling's claims without any potentially privileged or otherwise protected information.

[9] The Court also takes this opportunity to address Adecco's citation to Shattles v. Bioprogress PLC, No. 1:05-CV-3179-MHS, 2006 WL 5778889 (N.D. Ga. July 14, 2006) as an example of a case where "the district court struck a privileged communication from the record and ordered the clerk to seal the complaint." Motion at 5. In Shattles, the court ordered the clerk to strike the first sentence of one paragraph of the plaintiffs' amended complaint because that sentence contained privileged information, directed the clerk to seal this amended complaint, and also directed the clerk to re-file the amended complaint with only that one sentence redacted. See Shattles, 2006 WL 5778889, at *4-5. Although the

**B.    Objections to Not Sealing Individual Paragraphs**

Having determined that Adecco's objection to the magistrate judge's refusal to seal the entirety of each of the three complaints is without merit, the Court next turns to Adecco's objections to the magistrate judge's denial of Adecco's request to seal individual paragraphs. Because the allegations in the Complaint and Amended Complaint are nearly identical, the Court will address Adecco's objections with regard to the Complaint and Amended Complaint first, then the Court will separately address Adecco's objections to the Second Amended Complaint.

**1.    Objection to ¶ 1 of the Complaint and Amended Complaint**

Adecco argues that ¶ 1 of the Complaint and Amended Complaint should be redacted because Harling's "allegations are intertwined with Adecco's legal counsel's direction, involvement, and alleged legal decisions and responses to the employee complaints[.]" Objections at 3. In addition to arguing that the information in this paragraph is protected by the attorney client privilege, Adecco also asserts that the allegations involve "activities by their very nature conducted in anticipation of possible litigation." Id. Alternatively, Adecco asserts that "[a]t a minimum, the third through seventh sentences" of this paragraph should be redacted. Id.

Upon review, the Court finds the magistrate judge's determination declining to seal ¶ 1 of the Complaint and Amended Complaint is not clearly erroneous or contrary to law. None of the allegations in this paragraph divulge privileged communications. Further, to the

---

court in Shattles did direct the clerk to seal the plaintiffs' original complaint, see id. at *5, the amended complaint - not the original complaint- was the operative complaint in that action.

extent the allegations involve activities conducted in anticipation of possible litigation, such allegations are not privileged under either the attorney client privilege or attorney work product doctrine.  The magistrate judge found that Adecco's argument based on the work product doctrine "fails" because although Adecco "argues that it was anticipating litigation, . . . it fails to set out with any specificity what litigation it was anticipating and further, it fails to allege facts that bring the communications under the umbrella of the work-product doctrine."  Order at 3 n.2 (citing <u>Universal City Dev. Partners, Ltd. v. Ride & Show Engineering, Inc.</u>, 230 F.R.D. 688, 695 (M.D. Fla. 2005)).  Adecco has not established that the magistrate judge's finding is clearly erroneous or contrary to law, and thus, Adecco's objection with regard to this paragraph is overruled.[10]

### 2.    Objections to ¶¶ 11-18 of the Complaint and Amended Complaint

Adecco also argues that ¶¶ 11-18 of the Complaint and Amended Complaint and the heading above ¶ 11 should be redacted because "the company's alleged internal legal conclusions, investigatory direction by in-house counsel, and how the company allegedly handled the legal claim (<u>i.e.</u>, its strategy), are disclosed."  Objections at 4.  Specifically, Adecco points to ¶ 13 that "alleges Plaintiff was instructed to contact in-house counsel to request guidance[,]" and argues that a "common sense" reading of the next paragraph (¶ 14) would reveal "the direction given to Plaintiff by in-house counsel and purportedly the

---

[10] Additionally, the Court notes that the work product doctrine "protects materials 'prepared for <u>any</u> litigation or trial as long as they were prepared by or for a party to the subsequent litigation.'"  <u>See Universal City Dev. Partners, Ltd.</u>, 230 F.R.D. at 691 (describing how subsequent to the Supreme Court's recognition of the attorney work product doctrine, Rule 23(b)(3) of the Federal Rules of Civil Procedure (Rule(s)) "was added to clarify the extent to which trial preparation materials are discoverable in federal courts").  Therefore, to the extent Adecco argues that allegations regarding "activities" or underlying facts are protected by the work product doctrine, that argument is unavailing.

company's conclusion about the legal claim[.]" Id.  Additionally, Adecco argues that the allegation in ¶ 18 of the Complaint and Amended Complaint that "Herron advised [Harling] that 'legal' was handling it," together with the allegation regarding "FLSA misclassification" written on Herron's whiteboard, is "clearly meant to convey Adecco's legal department's alleged legal conclusion on the subject[,]" which Adecco asserts is protected by the attorney client privilege and work product doctrine. Id.

Upon review of ¶¶ 11-18 of the Complaint and Amended Complaint, the Court finds that Adecco has not established that the magistrate judge clearly erred in determining that these paragraphs should not be sealed.  None of these paragraphs contain privileged communications or information protected by the work product doctrine.  With regard to Adecco's specific objection to ¶¶ 13 and 14, the Court finds Adecco's argument unavailing because while Harling alleges in ¶ 13 that "Harling contacted Adecco's internal counsel, Lori Cordell, to request guidance[,]" nowhere in this paragraph or the next paragraph does Harling disclose what Harling or Cordell said to one another.  The Court also finds Adecco's objection with regard to ¶ 18 of the Complaint and Amended Complaint to lack merit. Herron, Adecco's vice president of Human Resources, is not an attorney and, therefore, her communications are not covered by the attorney client privilege or the attorney work product doctrine.  Simply because subsequent actions or statements may be reflective of certain legal advice does not render those actions or statements protected by the attorney client privilege or the work product doctrine.  Thus, Adecco's objections to the magistrate judge's

Order with regard to ¶¶ 11-18 of the Complaint and Amended Complaint are due to be overruled.[11]

### 3.   Objections to ¶¶ 20-21 of the Complaint and ¶ 21 of the Amended Complaint

Adecco objects to the magistrate judge's Order regarding ¶¶ 20 and 21 of the Complaint and ¶ 21 of the Amended Complaint. See Objections at 5, 6.  Initially, the Court notes that in accordance with the magistrate judge's Order, ¶ 20 of the Complaint and Amended Complaint has been redacted from the public docket and filed under seal.  Thus, Adecco's objection regarding  ¶ 20 of the Complaint is due to be overruled.  Turning to Adecco's objection regarding  ¶ 21, Adecco specifically takes issue with the last sentence of that paragraph, which states that "Harling refused [to stand by the classification] and informed [John VanGilder and the MNA representative] that she would get in touch with Cordell."  Complaint ¶ 21; Amended Complaint ¶ 21.  According to Adecco,

> when read together with the other unredacted allegations in the Complaint, one can easily discern the alleged attorney/client communications about the confidential legal issues being addressed, the company's alleged legal analyses and direction of, and conclusion to, the investigation overseen by in-house counsel, who by Plaintiff's own allegation she consulted for guidance.

---

[11] Adecco also argues that additional allegations in the Second Amended Complaint demonstrate the "privileged nature of the matters alleged" in ¶¶ 13, 16, 23, 25, and 27 of the Complaint and Amended Complaint.  Objections at 4-5.  The Court first notes that each of the paragraphs in the Second Amended Complaint with regard to this argument (¶¶ 12, 14, 20, 23, and 25) do, indeed, reveal privileged communications and, accordingly, have been placed under seal.  See generally Second Amended Complaint.  However, the fact that these sealed paragraphs contain privileged information does not necessarily illuminate the privileged nature of the more vaguely-worded allegations in the Complaint and Amended Complaint.  Indeed, the fact that the privileged allegations in the Second Amended Complaint have been sealed dictates the opposite conclusion.  Accordingly, with the exception of ¶ 23 of the Complaint and Amended Complaint, which the Court will address separately below, the Court finds this argument unavailing and determines that Adecco has not established that the magistrate judge clearly erred in declining to seal the identified paragraphs in the Complaint and Amended Complaint.

Objections at 5.  Upon review, the Court finds that Adecco has not established that the magistrate judge clearly erred in declining to seal ¶ 21 of the Complaint and Amended Complaint.  The last sentence of ¶ 21 is distinguishable from the last sentence of ¶ 20: In ¶ 20 it is apparent what topic of discussion Brad O'Neal took to Adecco counsel Cordell. However, in ¶ 21, Harling simply alleges that she "informed [John VanGilder and the MNA representative] that she would get in touch with Cordell" and does not disclose the substance of her communication with Cordell.  Therefore, with regard to ¶ 21, Adecco has not established that the magistrate judge's finding is clearly erroneous or contrary to law. Accordingly, Adecco's objection is due to be overruled.

### 4.    Objections to ¶¶ 22-23 of the Complaint and Amended Complaint

Adecco also objects to the magistrate judge's decision to not seal ¶¶ 22-23 of the Complaint and Amended Complaint, stating that "[t]hese paragraphs allege communications concerning the legal matters at issue and further allege in-house counsel Cordell participated in those communications." Objections at 5.  As such, Adecco argues that "the averments reflect telephone communications protected by Adecco's attorney-client communications privilege." Id.

Based upon review of the record, Adecco's arguments, and the discussion of the magistrate judge, the Court finds that the Order erroneously failed to seal ¶¶ 22-23 of the Complaint and Amended Complaint.  As pointed out by Adecco, both of these paragraphs contain allegations involving statements made during conference calls in which in-house counsel Cordell participated.  As such, both paragraphs contain allegations regarding communications with Cordell in the course of these conference calls.  Accordingly, these

paragraphs contain statements protected by the attorney client privilege and should be placed under seal.

The Court's decision with regard to these paragraphs is further buttressed by the magistrate judge's statement that ¶ 23 of the Complaint and Amended Complaint and ¶ 21 of the Second Amended Complaint (which is identical ¶ 23 of the Complaint and Amended Complaint) "clearly contain the substance of protected conversations with in-house counsel." Order at 2. It appears, therefore, that the magistrate judge's decision to redact ¶ 23 from the Complaint and Amended Complaint was inadvertently omitted from the decretal portion of the Order. See id. at 3. Further the Court notes that ¶ 22 of the Complaint and Amended Complaint is similar to ¶ 20 from the Second Amended Complaint, which the magistrate judge redacted from the Second Amended Complaint.[12] Accordingly, the magistrate judge's Order with regard to ¶¶ 22-23 of the Complaint and Amended Complaint is due to be overruled, Adecco's objections as to these particular paragraphs will be sustained, and these paragraphs will be placed under seal.

### 5.    Objections to ¶¶ 25-28 of the Complaint and Amended Complaint

Adecco also objects to the failure to seal ¶¶ 25-28 of the Complaint and Amended Complaint, which, according to Adecco, reveal "Adecco's alleged legal 'strategy' involving how it would settle claims . . . , Adecco's alleged legal conclusion of non-compliance with a law, and its confidential settlement position and ultimately an alleged settlement." Objections at 5. Adecco asserts that these allegations are protected by the attorney client privilege and

---

[12] In determining that ¶ 20 of the Second Amended Complaint should be redacted, the magistrate judge noted that Harling did not object to the sealing of this paragraphs and that the paragraph "clearly contain[s] the substance of protected conversations with in-house counsel[.]" Order at 2 n.1, 2.

the work product doctrine.  Id. at 5-6.  Upon review, the Court finds that the magistrate judge's Order declining to seal these paragraphs is not clearly erroneous or contrary to law. Accordingly, Adecco's objections as to these paragraphs are overruled.

6.     **Objections to ¶¶ 29-30, 32-33 of the Complaint and Amended Complaint**

Adecco also argues that ¶¶ 29-30 and 32-33 of the Complaint and Amended Complaint[13] "pertain to a confidential internal Adecco investigation and internal conclusions about an employee complaint that could lead to potential litigation" and, therefore, "should be protected from forced disclosure[.]" Id. at 6.  Upon review, the Court finds that Adecco has not established that the magistrate judge clearly erred in declining to seal these paragraphs in either the Complaint or the Amended Complaint.  None of the allegations in these paragraphs contain material protected by either the attorney client privilege or attorney work product doctrine.  The magistrate judge's Order with regard to these paragraphs is, therefore, not clearly erroneous or contrary to law, and Adecco's objections as to these paragraphs are overruled.

---

[13] In the Objections, Adecco lists ¶¶ 29-30 and 32-22 as the paragraphs in the Complaint to which it objects.  See Objections at 6.  The Court assumes that the 22 is a typographical error and that Adecco intended to reference "¶¶ 32-33" based on the analogous objections to the Second Amended Complaint.  See id. at 6-7.  Additionally, Adecco lists ¶¶ 25-30 and 23-33 as the paragraphs in the Amended Complaint to which it objects.  See id. at 6.  The Court assumes that " ¶¶ 23-33" was similarly a typographical error where "¶¶ 25-30" are listed immediately prior.

7.      **Objections to ¶¶ 39 and 46-47 of the Complaint and Amended Complaint and ¶ 49 of the Complaint**

Last, Adecco asserts that ¶¶ 39 and 46-47 of the Complaint and Amended Complaint and ¶ 49 of the Complaint "convey alleged facts and conclusions intertwined with, and allegedly based on, investigations under the guidance and direction of in-house legal counsel, internal alleged attorney-client privileged communications and . . . alleged legal strategies and decisions[.]" Id. After consideration of these allegations, the Court finds that the magistrate judge's Order declining to seal these paragraph is not clearly erroneous. None of the allegations in these paragraphs contain information protected by the attorney client privilege or work product doctrine.  Rather, these allegations provide the foundation for Harling's FLSA and Florida Whistleblower Statute claims.  Just as "[a] complaint, which initiates judicial proceedings, is the cornerstone of every case," see AbbVie Products LLC, 713 F.3d at 62, so, too, are these allegations the cornerstone of Harling's case.  Therefore, the Court determines that the magistrate judge's Order with regard to these paragraphs is not contrary to law, and Adecco's objections with regard to these paragraphs is due to be overruled.

8.      **Objections to the Second Amended Complaint**

Adecco objects to the magistrate judge's denial of its request to seal ¶¶ 1, 11, 13, 15-19, 24, 26-28, 30-31, 37, and 44-45 of the Second Amended Complaint. See Objections at 6-7.  Adecco raises no new arguments with regard to these paragraphs,  but since the allegations in the Second Amended Complaint differ from those in the Complaint and Amended Complaint, the Court addresses the Second Amended Complaint separately.

Initially, the Court notes that ¶¶ 1, 11, 13, 15-16, 19, 24, 26-28, 30-31, 37, and 44-45 are either similar or identical to analogous paragraphs in the Complaint and Amended Complaint.  Paragraph 1 of the Second Amended Complaint varies somewhat from ¶ 1 of the Complaint and Amended Complaint but has no substantive changes; ¶ 11 of the Second Amended Complaint essentially combines ¶¶ 11 and 12 in the Complaint and Amended Complaint with some small variations but has no substantive changes; ¶ 13 of the Second Amended Complaint is identical to ¶ 15 of the Complaint and Amended Complaint;  ¶¶ 15 and 16 in the Second Amended Complaint are the same as ¶¶ 17 and 18 in the Complaint and Amended Complaint; ¶ 19 of the Second Amended Complaint is identical to  ¶ 21 of the Complaint and Amended Complaint; ¶ 24 of the Second Amended Complaint is identical to ¶ 26 of the Complaint and Amended Complaint; ¶¶ 26-28 of the Second Amended Complaint vary somewhat from  ¶¶ 28-30 of the Complaint and Amended Complaint but have no substantive changes; and ¶¶ 30-31, 37, and 44-45 of the Second Amended Complaint are similar to ¶¶ 32-33, 39, and 46-47 of the Complaint and Amended Complaint.  Because the Court has determined that none of the analogous paragraphs in the Complaint and Amended Complaint contain privileged material, the Court concludes that Adecco's objections to the magistrate judge's decision not to seal ¶¶ 1, 11, 13, 15-16, 19, 24, 26-28, 30-31, 37, and 44-45 of the Second Amended Complaint are similarly without merit.   Adecco has not established that the magistrate judge's finding with regard to these paragraphs is contrary to law, and Adecco's objection to this portion of the magistrate judge's Order is due to be overruled.

The Court also observes that ¶ 17 of the Second Amended Complaint is similar to ¶ 19 of the Complaint and Amended Complaint, which has been sealed per the magistrate judge's order.  However, the Court also observes that the portion of  ¶ 19 of the Complaint and Amended Complaint containing privileged communications has been omitted from ¶ 17 of the Second Amended Complaint.  Therefore, the Court determines that the magistrate judge's order declining to seal ¶ 17 of the Second Amended Complaint is not clearly erroneous, and Adecco's objection as to this paragraph is overruled.

The Court concludes, however, that Adecco's objection to the magistrate judge's decision not to seal ¶ 18 of the Second Amended Complaint is well taken. Paragraph 18 of the Second Amended Complaint is identical to ¶ 20 of the Complaint and Amended Complaint, which has been redacted and sealed per the magistrate judge's Order.  Order at 3.  Therefore, to the extent ¶ 20 of the Complaint and Amended Complaint contains privileged content, so too does ¶ 18 of the Second Amended Complaint and it should similarly be redacted due to this privileged content.  Accordingly, the Court finds it was clear error for the magistrate judge to decline to seal ¶ 18 of the Second Amended Complaint.  As such, with regard to ¶ 18 of the Second Amended Complaint, the Order is due to be overruled, Adecco's objection will be sustained, and the Court will direct that this paragraph be placed under seal.

## IV.    Conclusion

In consideration of the foregoing, it is hereby **ORDERED**:

1.     Defendant's Objections to Order (Doc. No. 25) are hereby **SUSTAINED, in part**, and **OVERRULED, in part**, as follows:

18

      a.     The objection to the Order declining to seal the Complaint, Amended Complaint, and Second Amended Complaint in their entirety is **OVERRULED**.

      b.     The objections to the Order declining to seal ¶¶ 1, 11-18, 20-21, 25-28, 29-30, 32-33, 39, and 46-47 of the Complaint and the Amended Complaint; ¶ 49 of the Complaint; and ¶¶ 1, 11, 13, 15-17, 19, 24, 26-28, 30-31, 37, and 44-45 of the Second Amended Complaint are **OVERRULED**.

      c.     The objections to the Order declining to seal ¶¶ 22-23 of the Complaint and Amended Complaint and ¶ 18 of the Second Amended Complaint are **SUSTAINED**.

    2.     The Clerk is directed to remove from the public docket the Complaint (Doc. No. 1), the Amended Complaint (Doc. No. 5), and the Second Amended Complaint (Doc. No. 8) and redact from the documents the following paragraphs: (1) Complaint (Doc. No. 1) ¶¶ 22-23; (2) Amended Complaint (Doc. No. 5) ¶¶ 22-23; and (3) Second Amended Complaint (Doc. No. 8) ¶ 18.  The Clerk shall then replace the documents currently on the public docket with the redacted documents.

    **DONE AND ORDERED** at Jacksonville, Florida, this 29th day of May, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Hon. James R. Klindt

Counsel of Record